UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. CORBETT,<br><br>   Petitioner,<br><br>  v.<br><br>MATTHEW CATE,<br><br>   Respondent. | Case No. 12-cv-02070-PJH<br><br>**ORDER**<br><br>Re: Dkt. No. 28 |

  Petitioner, a state prisoner, filed a pro se writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was denied on the merits on January 21, 2014. Docket No. 18. Petitioner was appointed counsel for his appeal, but the Ninth Circuit affirmed the denial on December 22, 2015. Docket No. 24. The Supreme Court denied a petition for a writ of certiorari on April 25, 2016. Docket No. 27. Presently pending is petitioner's motion for relief from a final judgment pursuant to Federal Rule of Civil Procedure 60(b).

  Rule 60(b) lists six grounds for relief from a judgment. Such a motion must be made within a "reasonable time," and as to grounds for relief (1) - (3), no later than one year after the judgment was entered. *See* Fed. R. Civ. P. 60(b). Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); *School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993). Rule 60(b) provides a mechanism for parties to seek relief from a judgment when "it is no longer equitable that the judgment should have prospective

application," or when there is any other reason justifying relief from judgment. *Jeff D. v. Kempthorne*, 365 F.3d 844, 851 (9th Cir. 2004) (quoting Fed. R. Civ. P. 60(b)).

"A person may not disguise a second or successive habeas petition by styling it as a Rule 60 motion to avoid AEDPA's filing restrictions." *Christian v. Thomas*, 982 F.3d 1215, 1220 (9th Cir. 2020). "A habeas petitioner's filing that seeks vindication of [a federal basis for relief from a state court's judgment of conviction] is, if not in substance a habeas corpus application, at least similar enough that failing to subject it to the same requirements would be inconsistent with [AEDPA]." *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) (quotation marks and citation omitted). A Rule 60(b) motion that contains one or more "claims," i.e., an asserted basis for relief from a state court's judgment of conviction, is, if not in substance a successive habeas petition, at least similar enough that failing to subject it to the same requirements would be inconsistent with the habeas statute. *Id*. at 530-31. In most cases, determining whether a Rule 60(b) motion advances one or more "claims," and therefore should be treated as a successive habeas petition, will be relatively simple. *Gonzalez*, 545 U.S. at 532. A motion that seeks to add a new ground for relief will of course qualify. *Id*.; *see, e.g., Christian*, 982 F.3d at 1221-22 (finding motion to be a successive petition because it presented a new claim under new Supreme Court rule announced after original petition was denied).

In denying the petition, the court found that petitioner was not entitled for habeas relief for his claim of ineffective assistance of counsel in part due to his attorney being under the influence of drugs. Docket No. 18 at 18-23. The court noted that even assuming that counsel was under the influence of drugs, petitioner failed to demonstrate deficient performance or prejudice. *Id*.

In this motion, petitioner argues that he discovered new evidence that his counsel also had a conflict of interest while representing him at trial. Petitioner seeks to bring a new claim in this motion, which is precluded pursuant to the caselaw above.

"A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. §

2

2244(b)(1).  "A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed" unless,

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  The district court is "without power" to entertain a second or successive petition unless the petitioner first receives authorization from the court of appeals.  *Chades v. Hill*, 976 F.3d 1055, 1056-57 (9th Cir. 2020).

The motion (Docket No. 28) is **DENIED**.  To file a second or successive petition, petitioner must first obtain permission from the Ninth Circuit and meet the legal standards noted above.

**IT IS SO ORDERED.**

Dated: February 6, 2023

          /s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge